UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JAKI BELL,
    Plaintiff,

    v.                                          12-CV-1364

DR. ANDREW TILDEN, et. al.,
    Defendants.

## OPINION

    Plaintiff' has filed a motion for the appointment of *pro bono* counsel and has demonstrated reasonable attempts to find counsel on his own. [30]  The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).  As the Seventh Circuit stated in *Pruitt*:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted*)

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Id.* at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

    The Plaintiff says he has a third grade education and an unspecified mental disorder.  The Plaintiff has provided no documentation in support of either claim.  The court notes the Plaintiff's filings in this case have been clear and on point.  The Plaintiff has two claims alleging three Defendants at Pontiac Correctional Center used excessive force against him on May 10, 2012 and then refused to provided medical care for his resulting injuries.  The Plaintiff's claims are not complex.  The Plaintiff is capable of stating what happened during the incident.  In addition, the Plaintiff has already attached medical records to his complaint demonstrating he complained about headaches after the incident.  The Plaintiff may also obtain

copies of his requests for medical care through simple discovery.  The court further notes the Plaintiff has actively participated in the litigation of his claims and has a pending motion to compel discovery awaiting response from the Defendants. [28]

The Plaintiff is again reminded he may utilize many of the discovery methods prescribed in the Federal Rules of Civil Procedure.  The Plaintiff should not file his discovery responses with the court, but should instead send them directly to defense counsel.  For instance, the Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33.  The Plaintiff may also submit requests for production of documents to defense counsel. *See* Fed.R.Civ.P. 34.  If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

Accordingly, based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.  Should the case proceed to the point that assistance of counsel is appropriate, the court may revisit the issue.

IT IS THEREFORE ORDERED that Plaintiff's motion for the appointment of counsel is denied.[30]


Entered this 19th day of June, 2013.


s/Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE